# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 04 2018, 10:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lakesha L. Norington
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lakesha L. Norington,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Defendant* | April 4, 2018<br><br>Court of Appeals Case No.<br>33A04-1709-MI-2290<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Kit C. Dean Crane, Judge<br><br>Trial Court Cause No.<br>33C02-1704-MI-36 |

**Altice, Judge.**

**Case Summary**

[1] Lakesha Norington appeals pro se from the trial court's order dismissing her petition for writ of mandamus due to her failure to pay a partial filing fee of $1.67, as calculated by the trial court pursuant to Ind. Code § 33-37-3-3. On appeal, Norington argues that the trial court's dismissal was improper.

[2] We affirm.

## Facts & Procedural History[1]

[3] Norington is an inmate at the New Castle Correctional Facility. In April 2017, Norington sought to file a pro se petition for writ of mandamus in the Henry Circuit Court.[2] To that end, she filed a pro se appearance and a motion for waiver of court filing fees. On May 1, 2017, the trial court ordered Norington to file a certification of offender trust account as required by I.C. § 33-37-3-3 within forty-five days or have the case dismissed. Norington filed the certification of offender trust account as ordered on May 22, 2017. On June 6, 2017, the trial court issued an order finding that Norington was required to pay a partial filing fee of $1.67 within forty-five days. Norington did not pay the partial filing fee as ordered or seek an extension of time within which to do so,

---

[1] Norington has not provided us with an appellant's appendix. Accordingly, we have relied upon the appellee's appendix provided by the State and we have taken judicial notice of Norington's filings not furnished by the State. *See* Ind. Evidence Rule 201(a) (providing that judicial notice may be taken of the "records of a court of this state"); *Banks v. Banks*, 980 N.E.2d 423, 426 (Ind. Ct. App. 2012) (explaining that judicial notice may be taken at any stage of the proceedings, including on appeal), *trans. denied*.

[2] In the petition, Norington sought to enjoin the Department of Correction and its employees from engaging in allegedly discriminatory behavior.

and the trial court dismissed her case on August 23, 2017. Norington now appeals.[3]

### Discussion & Decision

[4] On appeal, Norington claims that she was unable to pay the $1.67 filing fee and that the dismissal of her civil case based on her failure to do so violates numerous statutory and constitutional provisions, as well as at least one international treaty. The flaws in her arguments are too numerous to discuss in detail; it suffices for our purposes to say that the authority she cites is inapplicable[4] and the arguments she makes are misinformed and based on the unproven premise that she is unable to pay the partial filing fee.

[5] Pursuant to I.C. § 33-37-3-3(a), an offender confined by the Department of Correction who commences an action or proceeding without paying fees or court costs must provide a certified copy of his or her prisoner trust account statement for the six months immediately preceding the submission of the complaint or petition. I.C. § 33-37-3-3(b) provides that

> The offender shall pay a partial filing fee that is twenty percent
> (20%) of the greater of:

---

[3] This court granted Norington's motion to proceed in forma pauperis on appeal on October 13, 2017.

[4] The same can be said of Norington's "Request for Judicial Notice", filed on February 12, 2018, in which she asks this court to take judicial notice of Indiana's Administrative Orders and Procedures Act.

> (1) the average monthly deposits to the offender's account; or
>
> (2) the average monthly balance in the offender's account;
>
> for the six (6) months immediately preceding the filing of the complaint or petition.

[6] Norington's trust account statement showed that her average monthly balance was zero, but her average monthly deposits were $8.34. Consequently, Norington was required by statute to pay a partial filing fee of $1.67 as ordered by the trial court. I.C. § 33-37-3-3(c) allows an offender who is unable to pay the partial filing fee to seek relief from the requirement by filing an affidavit of special circumstances, but Norington failed to do so.[5] Norington has not established that the trial court's dismissal due to her failure to pay the partial filing fee was in any way improper.

[7] Judgment affirmed.

[8] Najam, J. and Robb, J., concur.

---

[5] On November 11, 2017, Norington filed a motion to correct error in the trial court in which she claimed that she was unable to pay the partial filing fee because all of the funds deposited into her trust account are automatically deducted to pay a restitution award totaling $2000. The motion was clearly untimely, and because Norington had already initiated this appeal and the notice of completion of clerk's record had been issued on October 19, 2017, the trial court did not rule on the motion. *See* Ind. Trial Rule 59(C) (providing that a motion to correct error shall be filed not later than thirty days after the entry of a final judgment); Ind. Appellate Rule 8 (providing that "[t]he Court on Appeal acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary").